**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| vs. | : | NO. 11-514 |
| | : | |
| **ISMAIL OYERINDE** | : | |

## M E M O R A N D U M

**STENGEL, J.** June 20, 2013

      On September 26, 2011, Defendant Ismail Oyerinde pleaded guilty to an Information charging him with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, and aggravated identity theft in violation of 18 U.S.C. § 1028A. The Information charging the defendant had been transferred to this district from the Southern District of Texas. See Rule 20 of the Federal Rules of Criminal Procedure. On February 16, 2012, I imposed a sentence of forty-two months' incarceration, five years of supervised release, restitution in the amount of $53,819.90, and a special assessment of $200. See Document #29. Upon appeal, the Third Circuit Court of Appeals granted the government's motion to enforce Mr. Oyerinde's appellate waiver. See Document #42.

      Mr. Oyerinde has filed a motion for relief from judgment pursuant to Rule 60(b)(4) and from the unsigned "Waiver of Indictment." See Document #34. He asks for his immediate release from the "executive custody of the United States," because his Guilty Plea Agreement was predicated upon an unsigned waiver of indictment. Id. He insists, therefore, that his Guilty Plea Agreement is null and void and "of no legal effect with respect to this court's jurisdiction." Id.

Initially, I must note that the rule under which Mr. Oyerinde seeks relief is inapplicable in criminal cases. Rule 60(b) of the Federal Rules of Civil Procedure applies only in civil proceedings. Because he essentially asks to withdraw his guilty plea, I will construe this motion to have been more properly brought under Rule 11(d) of the Federal Rules of Criminal Procedure, which provides:

> "A defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but *before* it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." (Emphasis added).

Unfortunately for Mr. Oyerinde, his motion is untimely and must be denied. The rules contemplate that a defendant may withdraw his plea either before the court accepts it, or after the court accepts it but before the court imposes sentence. Neither choice is currently available to Mr. Oyerinde because I have accepted his guilty plea and imposed his sentence.

Even if the motion were timely, however, the defendant bears the burden of demonstrating a fair and just reason, and that burden is substantial. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). In evaluating a motion to withdraw a guilty plea, a court must consider the following factors: (i) whether the defendant asserts his innocence; (ii) the strength of the defendant's reasons to withdraw the plea; and (iii) whether the government would be prejudiced by the withdrawal. United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001); United States v. Trott, 779 F.2d 912, 915 (3d Cir. 1985). "The government is not required to show prejudice when a defendant has shown

no sufficient grounds for permitting withdrawal of a plea." United States v. Martinez, 785 F.2d 111, 115-116 (3d Cir. 1986). As the Third Circuit has noted, "[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." Brown, 250 F.3d at 815; United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992).

A review of the history of Mr. Oyerinde's case while in this district belies his contentions of an unsigned waiver of indictment and resultant void plea agreement. During his plea colloquy, Mr. Oyerinde admitted that he had obtained the personal identification information of non-consenting third parties and then used the information to open new bank accounts or, in other cases, to access existing bank accounts. See N.T. 9/26/11 at 26-32. The defendant arranged to have credit cards and debit cards issued under these accounts sent to his co-conspirator in Houston, Texas. Id. at 32-34. The co-conspirator used the credit and debit cards to make cash withdrawals and then deposited a portion of the proceeds into accounts controlled by the defendant. Id.

At his plea hearing, I discussed with Mr. Oyerinde his signed waiver of indictment. See N.T. 9/26/11 at 37-39. Although he had already signed the waiver, I reviewed it with him to ensure that he realized what he was doing. After some explanation, I asked Mr. Oyerinde, "Now, you have signed this waiver of indictment, meaning that you have given up [your] right to an indictment and you are willing to go by information. I simply want to know if you have any questions about that? Do you have any questions about that?" Id. at 38. Mr. Oyerinde answered, "No, sir." Id. I then asked

him, "Do you wish to proceed by information and waive your right to an indictment in Texas?" Id. He responded, "Yes." Id. The hearing proceeded, and I accepted Mr. Oyerinde's plea of guilty to the two counts in the information.

Mr. Oyerinde has not satisfied his burden of demonstrating a fair and just reason for withdrawing his guilty plea. United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003). His reason for the withdrawal, i.e., an unsigned waiver of indictment, is inaccurate. Before I accepted his guilty plea, I was satisfied that Mr. Oyerinde was alert and competent to enter a knowing and voluntary plea, and that his waiver of indictment and choice to plead guilty to an information was a knowing and informed decision. Accordingly, because Mr. Oyerinde has not asserted any valid reason to withdraw his guilty plea even if his motion were made timely, I will deny this motion in its entirety. See Williams v. United States, 410 F.2d 370, 371 (3d Cir. 1969) (affirming denial of challenge to waiver of indictment where defendant signed a waiver of indictment and acknowledged his waiver in open court).

An appropriate Order follows.